UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HARRY WILLIAM LOTT,
    Plaintiff,

v.

Case No. 2:13-cv-00377
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

MARIETTA MUNICIPAL COURT,
et al.,
    Defendants.

## OPINION AND ORDER

The Court issued an Opinion and Order in this case on December 17, 2013. *Lott v. Marietta Mun. Ct.*, No. 2:13-CV-00377, 2013 WL 6662836 (S.D. Ohio Dec. 17, 2013) (doc. 26). At that time, Plaintiff Harry William Lott ("Mr. Lott") had not effected proper service of process on Belpre, Ohio City Prosecutor Andrew Webster ("Mr. Webster"). *Id.* at *6–7. Based on this, the December 17, 2013 Order directed Plaintiff to show cause within fourteen days as to why this case should not be dismissed against Mr. Webster. On December 23, 2013, Mr. Lott responded to the Court's show-cause Order. The response included general objections to the Court's rulings as they pertained to the other, already-dismissed Defendants. It also included the following statement regarding Mr. Webster: "Mr. Webster was summon [sic] is [sic] court—See exhibit A." Doc. 27 at 3. Exhibit A shows, among others, a signature by Dolores L. Branch evidently signing for something Mr. Lott sent to Mr. Webster.

Mr. Lott's response fails to show cause as to why his claim against Mr. Webster should not be dismissed. His claim against Mr. Webster still suffers from a number of service-related defects. As a general matter, the show-cause response, the attached exhibit, and the remaining entries on the docket fail to demonstrate any service on Mr. Webster in conformance with the

1

Federal Rules of Civil Procedure or this district's local rules. The docket, for example, does not indicate that a summons was served on Mr. Webster with a copy of the complaint, a requirement of Federal Rule of Civil Procedure 4(c)(1). The docket also shows that Mr. Lott did not comply with several local rules pertaining to service of process. *See* S.D. Ohio Civ. R. 4.1 (requiring any party requesting issuance of any process to submit a "written requires for issuance . . . at the office of the Clerk for signature and sealing"); S.D. Ohio Civ. R. 4.2(a) (requiring a party issuing service by mail to "affix to the back of the envelope the domestic return card . . . showing the name of sender as 'Clerk, United States District Court, Southern District of Ohio'"); S.D. Ohio Civ. R. 4.2(b) ("The Clerk shall enter the fact of mailing on the docket and make a similar entry when the return receipt is received."). This all further means that Mr. Lott has not served Mr. Webster in compliance with the 120-day window required by Rule 4(c)(1) and Rule 4(m). *See Lott*, 2013 WL 6662836, at *6–7.

For these reasons, Mr. Lott has failed to show cause as to why his claim against Mr. Webster should not be dismissed for lack of prosecution based on his failure to effect proper service. His claim against Mr. Webster is therefore **DISMISSED without prejudice**. The Clerk is directed to enter judgment in this case accordingly.

**IT IS SO ORDERED.**

_1-6-2014_
**DATED**

_/s/ Edmund A. Sargus, Jr._
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

2